IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| GALLAWAY J. CUELLAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:13-CV-1196-BF |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gallaway J. Cuellar brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is REVERSED.

### Background

Plaintiff alleges that he is disabled as a result of a heart attack, stroke, high cholesterol, and high blood pressure. After his applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on November 8, 2011. At the time of the hearing, Plaintiff was 52 years old. He has less than a high school education and past work experience as a cabinet installer, a shipping/receiving clerk, and a painter. Plaintiff has not engaged in substantial gainful activity since July 18, 2010.

The ALJ found that Plaintiff was not disabled and therefore not entitled to DIB or SSI. Although the medical evidence established that Plaintiff suffered from coronary artery disease, status post myocardial infarction, hypertension, hyperlipidemia, and mild chronic obstructive pulmonary disease, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work, but could not return to his past relevant employment. Given his age, education, and exertional capacity for light work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which

3

is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Issue

In a single ground for relief, Plaintiff contends that evidence submitted to the Appeals Council diluted the record such that the ALJ's decision is not supported by substantial evidence.

## Analysis

During the administrative hearing, Plaintiff testified that he was disabled due to a heart attack and ongoing problems with chest pains and shortness of breath. (Tr. at 28). Plaintiff stated that he takes nitroglycerin for chest pain once a week and that his doctors have limited his activities because of his heart condition. (*See id.* at 29, 31, 42). Significantly, Plaintiff stopped working because of chest pains, and his treating physicians had not released him to return to work. (*Id.* at 31-32, 40-41). The vocational expert ("VE") testified that Plaintiff's past relevant work was performed at the medium and heavy exertional levels.[1] (Tr. at 45-46). The VE also testified that Plaintiff did not have any skills that would be transferrable to jobs that could be performed at the sedentary level. (*Id.* at 47). At the conclusion of the hearing, the ALJ tentatively determined that Plaintiff's RFC was limited to sedentary work. (*Id.* at 54; *see also id.* at 44-45, 49). Accordingly, the ALJ announced

---

[1] According to the social security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," while "[h]eavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. §§ 404.1567(c), (d).

a bench decision in Plaintiff's favor that was contingent upon the post-hearing submission of additional evidence in the form of treatment records and a medical source statement from Plaintiff's treating physician restricting Plaintiff to sedentary work.[2] (*Id.* at 52-54). When Plaintiff failed to timely submit the required medical source statement, the ALJ withdrew the favorable bench decision and denied benefits. (*Id.* at 13). The ALJ determined that Plaintiff had the RFC to perform the full range of light work and was therefore not disabled under the Medical-Vocational Guidelines. (*Id.* at 16-19). Plaintiff subsequently obtained a medical source statement completed by his treating physician, Dr. Nahim Pearose, on May 8, 2012 which indicated that he was unable to work at the light exertional level.[3] (*Id.* at 585, ¶ 1). Plaintiff submitted Dr. Pearose's statement to the Appeals Council for consideration. (*See id.* at 5). However, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-4). Plaintiff now argues that remand is required because the Appeals Council improperly ignored Dr. Pearose's medical source statement and rejected his opinions without good cause. (Pl. Br. at 3-4).

The Act, read in conjunction with the enabling regulations, requires the Appeals Council to consider new evidence presented for the first time in a request for review. *Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 336 (N.D. Tex. 2003) (citing 20 C.F.R. § 404.970(b)); *see also Carry v. Heckler*, 750 F.2d 479, 486 (5th Cir. 1985) (all evidence, including new evidence, must be reviewed

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). A sedentary job may also involve sitting, but "a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

by Appeals Council in making its decision). New evidence justifies a remand only if it is material. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003); *Moore v. Astrue*, No. 3:07-CV-2017-B, 2009 WL 5386134, at *3 (N.D. Tex. Nov. 13, 2009), *rec. adopted*, 2010 WL 165992 (N.D. Tex. Jan. 13, 2010). Evidence is "material" if: (1) it relates to the time period for which the disability benefits were denied; and (2) there is a reasonable probability that it would have changed the outcome of the disability determination. *See Moore*, 2009 WL 5386134, at *3 (citing *Castillo*, 325 F.3d at 551-52). If new evidence is presented while the case is pending review by the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are still supported by substantial evidence. *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006); *see also Jones v. Astrue*, 228 F. App'x 403, 406-07 (5th Cir. 2007) (warning against remanding cases based on new evidence presented to the Appeals Council without meaningful regard for the substantial evidence standard).

Here, Plaintiff has established that the new evidence is material. In his assessment, Dr. Pearose opined that Plaintiff could not work at the light exertional level on a full time basis. (Tr. at 585). This opinion, which is presumptively entitled to controlling weight, *see* 20 C.F.R. § 404.1527(c)(2) and *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir.1993), indicates that Plaintiff is more limited than the ALJ allowed in his decision. If accepted, Dr. Pearose's opinions could establish that Plaintiff has the RFC only for sedentary work or less. Because Plaintiff has no skills that are transferrable to sedentary work, the Medical-Vocational Guidelines would direct a finding of disabled. Thus, Dr. Pearose's opinion is so inconsistent with the ALJ's findings that it undermines the resulting disability determination. Accordingly, this case must be remanded for proper consideration of Dr. Pearose's May 8, 2012 Medical Source Statement. *Powell v. Colvin*, No.

3:12-CV-1489-BH, 2013 WL 5433496, at *10-11 (N.D. Tex. Sept. 30, 2013) (new evidence submitted to Appeals Council in the form of a treating physician's opinion that plaintiff had greater limitations than those determined by ALJ diluted record such that ALJ's decision was not supported by substantial evidence); *Baughman v. Colvin*, No. 3:12-CV-02475-BK, 2013 WL 2156037, at *5-6 (N.D. Tex. May 19, 2013) (same); *James v. Astrue*, No. 3-11-CV-0136-BD, 2012 WL 920014, at *6 (N.D. Tex. Mar. 19, 2012) (same); *Booker v. Astrue*, No. 3:10-CV-1940-P-BF, 2011 WL 4031096, at *8 (N.D. Tex. Aug.15, 2011), *rec. adopted*, 2011 WL 4048408 (N.D. Tex. Sept. 12, 2011) (same).

The Commissioner contends that Dr. Pearose's opinion that Plaintiff cannot perform light work does not mandate remand because it wholly consists of a one-page checklist. (Def. Br. at 9). More specifically, the Commissioner suggests that the ALJ indicated that the medical source statement should have consisted of a narrative or a paragraph together with supporting medical evidence comprised of treatment records from after April 26, 2011. (*Id.*). A careful review of the hearing transcript reveals that the ALJ imposed no such requirements. At the hearing, the ALJ and Plaintiff's attorney engaged in the following exchange:

> ALJ: [S]o you're going to get the [hospital] records after April 26, 2011; and then also *some kind of medical source statement* from either Pearose . . . or Lukeman. [Primary Care Physician] Pearose or cardiologist Lukeman. And *I don't need a full-blown RFC form. I am happy with a narrative or a paragraph. . . . If he just says he can't do anything more than sedentary work.* I think docs know what sedentary work is.
>
> ATY: Yeah. I've got a form where I can -- in one page, say, do you think he can handle light work and if the answer is no, can he handle a sit/stand option? If the answer is no, then, I guess, sedentary --

> ALJ: Well, *put it in whatever form you want*. . . . I'm just trying to tell you it doesn't have to be a full-blown RFC.

(Tr. at 51) (emphasis added). Dr. Pearose's May 8, 2012 medical source statement clearly fits the description Plaintiff offered. The ALJ never indicated that such evidence would not satisfy his request. To the contrary, the ALJ indicated that he would rely on such evidence and find Plaintiff disabled as a result.

The Commissioner further asserts that Dr. Pearose's medical source statement is not material because it is inconsistent with some of the other medical evidence in the record. (Def. Br. 12-13). New evidence is material, however, if there is a reasonable probability that it would have changed the outcome of the disability determination. *See Moore*, 2009 WL 5386134, at *3. Here, the ALJ plainly stated that his tentative determination that Plaintiff had an RFC for no more than sedentary work, and was therefore disabled, was contingent upon receiving "some kind of medical source statement or opinion" from Dr. Pearose or Plaintiff's cardiologist limiting Plaintiff to sedentary work. (Tr. at 44, 49, 54). Plaintiff eventually provided the exact evidence the ALJ indicated was required to support a finding of disability. Therefore, there is more than a reasonable probability that the ALJ's ultimate determination would have been different if Plaintiff had submitted Dr. Pearose's medical source statement in time for the ALJ to consider it before he issued his written decision.

## CONCLUSION

The Commissioner's final decision denying Plaintiff's claim for DIB and SSI is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.

SO ORDERED, March 18, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE